UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANDRES MORENO MAHECHA (A# 216-952-213),<br>Petitioner,<br>v.<br>CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-04324 DC SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner was, at the time he initiated this case, a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On July 28, 2026, Respondent notified the Court that an immigration judge granted Petitioner's request for voluntary departure on July 7, 2026. ECF No. 9. On August 4, 2026, the undersigned granted Respondent's request to lift the "no-transfer" order to facilitate Petitioner's voluntary departure. ECF No. 10. Respondent has now notified the Court that Petitioner voluntarily departed from the United States to Colombia on August 10, 2026. ECF No. 11.

Petitioner's removal moots his pending challenge to his immigration detention. <u>See Abdala v. I.N.S.</u>, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that since petitioner's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order… [h]is petition was… moot by his removal"). As a result, the undersigned

recommends the petition granting respondent's motion to dismiss the § 2241 petition. See Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal courts "have an independent duty to consider" mootness sua sponte).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed as moot based on Petitioner's voluntary departure from the United States.

2. Respondent's motion to dismiss (ECF No. 5) and Petitioner's motion for stay of removal (ECF No. 12) be DENIED as moot.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE